## Triplett v. Commonwealth.

(Decided Oct. 4, 1932.)

JOHN W. CAUDILL, H. H. SMITH and OSCAR P. BOND for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

This is a companion case to Johnson v. Common-

wealth, 245 Ky. 146, 52 S. W. (2d) ——, this day decided. That opinion is referred to for the essential facts of the killing of Tom Lucas, a deputy sheriff of Knott county.

The appellant, Garlie Triplett, and Irton Caudill, Virgil Caudill, and Shelby Hall, were jointly indicted with Lee Johnson for the crime of murder. Upon a separate trial of Triplett and the three others from Johnson, the jury found Triplett guilty of manslaughter and fixed his punishment at three years in prison, but failed to reach a verdict as to his codefendants.

The indictment also includes the charge that the murder of Lucas was pursuant to a conspiracy formed by the parties and that it was committed by Johnson with the others aiding and abetting him. In addition to the facts stated in the Johnson opinion, which are substantially repeated in this record, it should be said that the evidence on this trial showed that as Slone and Johnson approached each other and Lucas came out to the road, or just before the fatal shots were fired, Triplett and the other boys crowded in close to them; that Triplett had a knife in his hand, Irton Caudill a pistol, and one of the other boys a rock. No witness testified to any attempt by Triplett to use the knife in the affray, except that Slone testified Lucas "jumped back from that fellow when he was meeting him with a knife." Another stated that "he run in there," and that Lucas "stepped back from under him." The evidence of one witness, who examined the body of the deceased, indicates he was cut in the back or side with a knife; but the preponderance of the evidence is that he suffered only bullet wounds at the hands of Johnson.

Triplett admitted he had a small pocketknife out whittling a stick of wood just before the affray and does not deny that he had it in his hand during the encounter. He denies, however, that there was any purpose or attempt to use it or in any way to assault or do harm to either of the officers or to interfere with them or to defend Johnson or any of his companions.

There is evidence, however, of statements by different members of this group of boys, before they reached the village where their two friends were in custody (one of whom was a brother of appellant), which tend to prove a conspiracy to interfere with the

officers. From that and the actions of the appellant and his companions, and the immediate circumstances disclosed, the jury was authorized to infer that there was a concert of action on the part of the appellant and the others, which resulted in the death of Lucas. We regard the evidence as sufficient to sustain the verdict.

The instructions in this case were . premised only on the charges of murder and manslaughter pursuant to a conspiracy and as aiding and abetting Johnson in the commission of the crime. The defensive instructions were the same as those in the Johnson Case, modified to suit those theories of guilt. The grounds submitted in that appeal are relied on in this one for a reversal of the judgment.

For the reasons assigned in the opinion in that case, this judgment must be, and it is, affirmed.