## Caudill v. Commonwealth.

(Decided Jan. 10, 1933.)

JOHN W. CAUDILL for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

This case is a companion of Johnson v. Commonwealth, 245 Ky. 146, 53 S. W. (2d) 343 and Triplett v. Commonwealth, 245 Ky. 167, 53 S. W. (2d) 345.

The appellant, Irton Caudill, was a member of a group of young men charged with the murder of Tom Lucas, a deputy sheriff of Knott county, pursuant to a conspiracy and also as an aider and abettor of Johnson.

The facts will be found in the two opinions referred to. This appellant, Virgil Caudill, and Shelby Hall were tried together, found guilty of voluntary manslaughter, and each sentenced to two years in the penitentiary. It was made to appear that the latter two defendants were under the age of seventeen years, and the verdict was set aside as to them because there had been no hearing in the juvenile court. So only Irton Caudill appeals.

There is little difference between this and the other records. We look to the record with particular reference to the acts of the appellant. He claimed that on the journey to the point of the homicide he got on a mule behind Commodore Huff and left the other members of the party; that he had thus ridden within a short distance of the place and was there when the others came up. That is not certain. A witness testified that near John Slone's store on the way she heard the boys talking among themselves and that the appellant was with them. Their statements were to the effect that they intended to rescue their friends, Merlin Triplett and Lark Huff, who had been arrested and were in the custody of Lucas and other officers. The evidence for the commonwealth is to the effect that, as Lucas approached Johnson with notice that he was placing him under arrest, the appellant and the other boys crowded in and around them, as detailed in the other opinions, and that the appellant then drew his pistol. Appellant testified that he did not believe he drew his pistol, but perhaps did make a pass to get it when the shots were fired by Johnson because he was scared. His defense was that he was acting as a peacemaker and endeavoring to get Johnson to surrender his pistol to him while officer Slone was trying to obtain its possession. The evidence regarding this defendant, like the other two, is sufficient to sustain the verdict.

The instruction authorizing an acquittal of the defendants on the ground of self-defense or the defense of other members of the group was qualified by the provision that the jury should not so find if they should believe and find as set out in instruction No. 5. That instruction defined the right and duty of the deceased as a peace officer to arrest Johnson and the other members of the group under a warrant or for committing the offense of public drunkenness, breach of the peace,

or carrying concealed a deadly weapon in his presence, and that of the corresponding duties of the defendant and his companions. The deceased officer did have warrants in his possession for several members of this group, including one for the appellant. There was ample evidence they were committing a public offense in the officer's presence. It is said, however, that there was no evidence tending to show that he was attempting to arrest the appellant. The evidence is to the effect that, as Lucas approached the group, he told Johnson that he had a warrant for him, and was in the act of reaching in his pocket where he had such a process, as well as the other warrants, when the others gathered around and he was shot by Johnson. It all happened so quickly that the officer did not have time to call each man by name, but the inference is reasonably deducible of a purpose to arrest all of them and that he was hindered from doing so by the concerted action of the group. The form of the instruction seems to have been influenced by the provisions of section 7 of chapter 100, Session Acts of 1920 (section 1148a-7, Statutes), declaring forcible resistance of a peace officer to constitute a felony, which was held to be unconstitutional in Loveless v. Commonwealth, 241 Ky. 82, 43 S. W. (2d) 348, 349. But the form was not prejudicial in this instance, and, as was indicated in the other opinions, the instruction was more favorable to the defendant than the facts justified, for the court might also have qualified the instruction on self-defense and defense of his associates by depriving him of that right on the ground that the killing was pursuant to a conspiracy by the parties, or that the defendant and his associates brought on the difficulty.

Wherefore the judgment is affirmed.